UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| HARRISON L. COLWELL<br><br>　　　　Plaintiff,<br><br>　-v-<br><br>EAGLE ACCOUNTS GROUP, INC.<br><br>　　　　Defendant. | CASE NO.: 4:19-cv-00221<br><br>JUDGE:<br><br>COMPLAINT<br>JURY TRIAL DEMANDED |

Plaintiff, Harrison L. Colwell, for his complaint against Eagle Accounts Group, Inc. ("Defendant"), states as follows:

### NATURE OF THE ACTION

1.　Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. §§ 24-5-0.5 *et seq.* ("IDCSA"), as a result of Defendant's unlawful collection practices as more fully described in this complaint, *infra*.

### JURISDICTION AND VENUE

2.　This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.　Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Southern District of Indiana.

PARTIES

4. Plaintiff, Harrison L. Colwell ("Mr. Colwell"), is a natural adult person residing in Austin, Indiana, which lies within the Southern District of Indiana.

5. Mr. Colwell is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Colwell is a "person" as that term is defined by § 24-5-0.5(a)(2) of the IDCSA.

7. Defendant, Eagle Accounts Group, Inc. ("Eagle"), is an Indiana corporation in the business of collecting consumer debts on behalf of others within the State of Indiana.

8. Eagle regularly uses the mail and/or telephone to collect, or attempt to collect, delinquent consumer accounts owed by Indiana residents.

9. On its website and in its communications to consumers, Eagle identifies itself as a "debt collector."

10. Eagle is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

11. Eagle is a "supplier" as that term is defined by § 24-5-0.5(a)(3) of the IDCSA.

12. Eagle acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

FACTS SUPPORTING CAUSES OF ACTION

13. As Mr. Colwell was conducting a routine check of his credit reports, he discovered an entry bearing Eagle's name that was reporting in an active collection status a delinquent consumer debt in the amount of $683 that was incurred originally to *Inpatient Services Association LLC* (the "Subject Debt"). Relevant pages from Mr. Colwell's Trans Union credit report, dated October 17, 2019, are attached to this complaint as Exhibit A.

14. Mr. Colwell also discovered that Eagle had updated its reporting of the Subject Debt appearing in his Trans Union credit report as recently as October 9, 2019. *See* Exhibit A.

15. Mr. Colwell did not recognize the Subject Debt as belonging to him.

16. Mr. Colwell's credit report also reflected that the subject collection account would remain on his record until June 2020. *See* Exhibit A. Upon information and belief, as a collection account remains on a consumer report for seven (7) years from the date of first delinquency of the underlying debt, the Subject Debt fell into delinquency beginning in or around June 2013. *See* Exhibit A; *see also* 15 U.S.C. § 1681c.

17. On or around October 17, 2019, Mr. Colwell accessed Eagle's website to ascertain additional information concerning the subject collection account appearing his credit report and the debt Eagle was attempting to collect from him. Screenshots of Eagle's webpages accessed by Mr. Colwell are attached to this complaint as Exhibit B (collectively, the "Payment Portal").

18. During Mr. Colwell's accessing of the Payment Portal, Eagle identified itself to Mr. Colwell as a "debt collector." *See* Exhibit B.

19. Eagle attempted to collect the Subject Debt from Mr. Colwell during his accessing of the Payment Portal, including inviting him to make a payment online. *See* Exhibit B.

20. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues." *See* I.C. § 34-11-2-9.

21. Thus, given the applicable six (6) year statute of limitations and the fact that the Subject Debt fell into delinquency beginning in or around June 2013, as of October 17, 2019, the date Mr. Colwell accessed Eagle's Payment Portal, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

22. Despite the time-barred status of the Subject Debt, at no point during Mr. Colwell's accessing of the Payment Portal did Eagle disclose or explain to Mr. Colwell that the Subject Debt was time-barred and/or that Eagle could not sue Mr. Colwell to collect it.

23. Despite the time-barred status of the Subject Debt, at no point during Mr. Colwell's accessing of the Payment Portal did Eagle disclose or explain to Mr. Colwell that by paying, or even just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the Subject Debt, potentially subjecting Mr. Colwell to further legal liability.

24. As of October 17, 2019, the Subject Debt was reporting as past due on Mr. Colwell's credit report in an active collection status, having last been updated by Eagle on October 9, 2019.  *See* Exhibit A.

25. After a reasonable time to conduct discovery, Mr. Colwell believes he can prove that all actions taken by Eagle as described in this complaint were taken willfully, with reckless disregard for his rights, and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

26. In conjunction with Eagle's negative credit reporting of the Subject Debt, Mr. Colwell was misled by the Payment Portal.

27. Mr. Colwell justifiably fears that, absent this Court's intervention, Eagle will continue to attempt to collect the Subject Debt from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted financial harm.

28. Due to Eagle's conduct, Mr. Colwell was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

29. Due to Eagle's conduct, Mr. Colwell is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Eagle and other debt collection agencies from engaging in the unlawful collection practices described in this complaint.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

30. All prior paragraphs are incorporated into this count by reference.

31. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

32. Eagle violated 15 U.S.C. §§ 1692e, e(2)(A), e(10) and f through its representations and/or omissions directed to Mr. Colwell on the Payment Portal, by attempting to collect the Subject Debt despite omitting the disclosure of material information to Mr. Colwell regarding the Subject Debt's time-barred status and/or the potential legal consequences of Mr. Colwell paying, or agreeing to pay, upon the subject time-barred debt.

33. Eagle knew or should have known that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Colwell.

34. Eagle's representations and/or omissions directed to Mr. Colwell on the Payment Portal served only to confuse and intimidate Mr. Colwell in the hopes that he waived his rights

and affirmative defenses under the law.  Mr. Colwell was unable to adequately determine the character and legal status of the Subject Debt based upon Eagle's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

35. As an experienced debt collector, Eagle knows that its representations to Indiana consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable Indiana statute of limitations, are required to be true, complete and accurate, especially when Eagle is attempting to collect a time-barred debt.  Eagle had an obligation to accurately alert Mr. Colwell as to his rights with respect to the subject time-barred debt, but skirted this obligation with deceptive and misleading representations and/or omissions.

36. As set forth in paragraphs 26 through 29, *supra*, Mr. Colwell has been harmed as a result of Eagle's unlawful collection practices as described in this complaint.

## COUNT II
## VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
### *I.C. §§ 24-5-0.5-3(a) and (b)(20)*

37. All prior paragraphs are incorporated into this count by reference.

38. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction.  Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction.  An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts:  The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)."  I.C. § 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

39. Eagle's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

40. Eagle engaged in unfair, abusive, and deceptive conduct in its transactions with Mr. Colwell, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by attempting to collect the Subject Debt despite omitting the disclosure of material information to Mr. Colwell regarding the Subject Debt's time-barred status, namely, that: (i) Eagle could no longer sue Mr. Colwell to collect the Subject Debt; and/or (ii) that by making a payment to Eagle towards the Subject Debt, or even just agreeing to pay, Mr. Colwell could revive the applicable statute of limitations as to the entire balance of the Subject Debt.

41. Eagle knew or should have known that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Mr. Colwell.

42. Eagle intended that Mr. Colwell rely on its misrepresentations and/or omissions in order to procure immediate payment of the Subject Debt and/or prevent Mr. Colwell from exercising his rights.

43. As set forth in paragraphs 26 through 29, *supra*, Mr. Colwell has been harmed as a result of Eagle's unlawful collection practices as described in this complaint.

44. As such, Mr. Colwell is entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Harrison L. Colwell, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3) and/or I.C. § 24-5-0.5-4(a)(1)(2); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 23rd day of October, 2019.    Respectfully Submitted,

  /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com

*Counsel for Plaintiff, Harrison L. Colwell*

JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

  /s/ Geoff B. McCarrell
Geoff B. McCarrell #0086427
CONSUMER LAW PARTNERS, LLC